

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. T. M. Trimble
State Department of Education
Austin, Texas

Dear Sir:

Opinion No. 0-2454
Re: Authority of County Super-
intendent to refuse to ap-
prove vouchers for janitor's
salary.

We are in receipt of your letter of May 24, 1940, re-
questing an opinion by this Department, based upon the follow-
ing facts as shown by a letter addressed to you from H. C.
Hinton, County School Superintendent, El Paso County, Texas:

"We have a janitor in Courchesne School who is not
an American citizen. He has been a janitor in this
school for approximately 20 years. Six years ago he
took out his first papers and assured me that he
would complete his naturalization as soon as possible.
He is a man of about 60 years of age and except for the
fact that he can not speak English is one of the best
janitors we have ever had. It is the recommendation
and desire of the County Superintendent that he be
replaced with an American citizen with which the
local school board does not agree. The above school
is in a common school district."

You request our opinion as to whether the County Super-
intendent is authorized, under the above facts, to refuse to
approve a voucher of the local school board in payment of said
janitor for his services.

We have carefully searched the constitution and statutes
of Texas and find no provision requiring that a janitor in a
common school district be an American citizen or be able to

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

speak the English language. The statutes contain no requirement that a janitor secure a teachers' or other certificate from the Department of Education and it is a matter of common knowledge that the duties of a janitor do not include teaching and giving courses of instruction in the public schools. Articles 2880, et seq., Revised Civil Statutes, 1925, as amended and Article 288, Penal Code, as amended, therefore are not applicable.

Article 2749, Revised Civil Statutes, 1925, provides that the board of trustees of a common school district shall have the management and control of the public schools and public school grounds of their district, employ teachers, and approve all claims against the school funds of their district. All property of the school district is placed under the control of the district trustees by the provision of Article 2754, Revised Civil Statutes, 1925. Section 2 of Article 2827, Revised Civil Statutes, 1925, provides that local school funds from district taxes and other sources may be used, among other things, for the payment of "janitors and other employees."

Article 2690, Revised Civil Statutes, 1925, provides that the county superintendent shall have immediate supervision of all matters pertaining to public education in his county, confer with teachers and trustees, and give them advice when needed.

Article 2693, Revised Civil Statutes, 1925, reads as follows:

"The county superintendent shall approve all vouchers legally drawn against the school fund of his county. He shall examine all the contracts between the trustees and teachers of his county, and if, in his judgment, such contracts are proper, he shall approve the same; provided, that in considering any contract between a teacher and trustees he shall be authorized to consider the amount of salary promised to the teacher. He shall distribute all school blanks and books to the officers and teachers of the public schools, and shall make such reports to the State Superintendent as may be required by that officer. He shall discharge such other duties as may be prescribed by the State Superintendent. (Acts 1905, p. 263.)"

The authorization of the county superintendent to exercise general supervision over the common schools of the county does not carry with it the authority to substitute his judgment for that of the board of trustees when acting within the scope of their authority. Peevy vs. Carlile, Supreme Court, not yet reported. Article 2693 requires the county superintendent to approve "all vouchers legally drawn against the school fund of his county." No facts are presented in the letter of request which show that the warrants in question are not legally drawn against the proper fund.

Since, under the facts as stated, no valid reason or ground in law is given as a basis for the refusal of the county superintendent to approve the vouchers in question, it is our opinion that he is without authority to refuse approval.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_
Cecil C. Cammack
Assistant

CCC:N

APPROVED JUN 18, 1940

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN